PATRICK J. FARAGHER, Corporation Counsel Washington County
You have requested my opinion concerning the use of uncertified personnel as temporary jail officers.
You state that in Washington County there are "routine staff shortages in . . . [the] jail because of vacations, sickness and scheduling conflicts," and that "on an occasional basis, perhaps once or twice a week," certified jail officers are not available to fill those shifts. You further state that it is the plan of the sheriff's department to fill those shifts with patrol officers who, while certified as law enforcement officers, have not been certified as jail officers. You ask my opinion as to whether or not such a plan is precluded by the requirements of section 165.85 (4)(b)2., Stats.
Section 165.85 (4)(b)2. provides:
 No person may be appointed as a jail officer, except on a temporary or probationary basis, unless the person has satisfactorily completed a preparatory program of jail officer training approved by the board and has been certified by the board as being qualified to be a jail officer. . . . The period of temporary or probationary employment established at the time of initial employment shall not be extended by more than one year for an officer lacking the training qualifications required by the board.
It is my opinion that section 165.85 (4)(b)2. does not preclude a county from utilizing persons not certified as jail officers to fill in when certified jail officers are unavailable and when there are *Page 147 
staff shortages due to vacation, sickness or scheduling conflicts. I reach that conclusion for two reasons.
First, the statute addresses itself only to persons "appointed" as jail officers. There is no suggestion here that the county intends to appoint the patrol officers who are assigned to fill in at the jail as jail officers, nor is there any suggestion that the patrol officers so assigned would consider themselves as having been appointed to a new job. On the contrary, your request indicates clearly that the intention is otherwise. Indeed, it is my view that the appointing authority could not appoint a patrol officer or anyone else as a jail officer unless there was a vacant position. Sickness, vacations and scheduling conflicts do not create vacancies. Such positions are still filled by the person who is ill, on vacation or precluded from working a particular shift because of a scheduling conflict.
Second, even if such assignments could be construed as appointments, the statute clearly permits temporary appointments of uncertified jail officers. Temporary is defined as "lasting for a limited time" or "one serving for a limited time." Websters Ninth New Collegiate Dictionary 1214 (1984). The legal definition is no different, being "[t]hat which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration." Black's Law Dictionary 1312 (5th ed. 1979).
The suggestion by some that staff shortages which are routine, perhaps as often as "once or twice a week," are obviously not temporary does not change my opinion. Frequency of an occurrence is not part of the definition of temporary. Furthermore, frequency refers to the problem faced by the county. It does not change the fact that each individual assignment of a patrol officer to the jail is for a limited time only and therefore temporary and permitted by the statute. *Page 148 
It is, therefore, my opinion that section 165.85 (4)(b)2. does not preclude assignment of uncertified persons as jail officers to fill shortages caused by sickness, vacations or scheduling conflicts.
DJH:CRL *Page 149